IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| MADELINE PEAGLER, #243265, | ) |
| Plaintiff, | ) |
| v. | ) CASE NO. 1:21-CV-261-WHA-KFP |
| HOUSTON COUNTY JAIL and JASON SMOAK, | ) |
| Defendants. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, an indigent inmate, recently filed this 42 U.S.C. § 1983 action challenging conditions at the Houston County Jail. The Court entered its standard initial orders (Docs. 3 and 4), and the Clerk mailed copies to Plaintiff at the last address she provided for service.[1] The postal service returned these Orders as undeliverable because Plaintiff no longer resides at that address.

Based on the returned mail, the Court entered an Order requiring Plaintiff to inform the Court of her current address by May 4, 2021. Doc. 6. The Order specifically cautioned Plaintiff that failure to respond would result in dismissal of this case for failure to prosecute and obey court orders. As of the present date, the Court has received no response from Plaintiff providing an address where she may be served, which is necessary for this case to proceed. Therefore, the Court concludes this case should be dismissed.

---

[1] The last address provided to the court by Plaintiff is the Houston County Jail.

The Court has reviewed the file to determine whether a less drastic measure than dismissal is appropriate. *See Abreu-Velez v. Bd. of Regents of Univ. System of Ga.*, 248 F. App'x 116, 117–18 (11th Cir. 2007). After this review, the Court finds dismissal is the proper course of action. First, this case cannot properly proceed in Plaintiff's absence. Next, it appears Plaintiff is no longer interested prosecuting this case, as she has not made her whereabouts known to the Court. Finally, under the circumstances of this case, the Court finds that any additional effort to secure Plaintiff's compliance would be unavailing and a waste of this Court's scarce judicial resources. Consequently, the undersigned concludes that this case is due to be dismissed. *See Moon v. Newsome,* 863 F.2d 835, 837 (11th Cir. 1989) (holding that, as a general rule, dismissal for failure to obey a court order is not an abuse of discretion where litigant has been forewarned). The authority of courts to impose sanctions for failure to prosecute or obey an order is longstanding and acknowledged by Rule 41(b) of the Federal Rules of Civil Procedure. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962). This authority empowers the courts "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id*. at 630–31; *Mingo v. Sugar Cane Growers Co-Op of Fla*., 864 F.2d 101, 102 (11th Cir. 1989) (holding that a "district court possesses the inherent power to police its docket" and "[t]he sanctions imposed [upon dilatory litigants] can range from a simple reprimand to an order dismissing the action with or without prejudice." *Id*.

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be DISMISSED without prejudice for Plaintiff's failure to prosecute and obey court orders.

It is further ORDERED that on or before **June 3, 2021**, the parties may file objections to the Recommendation. The parties must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made. Frivolous, conclusive, or general objections will not be considered by the Court. The parties are advised that this Recommendation is not a final order and, therefore, is not appealable.

Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with 28 U.S.C. § 636(b)(1) will bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waive the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except on grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1. *See Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 20th day of May, 2021.

/s/ Kelly Fitzgerald Pate  
KELLY FITZGERALD PATE  
UNITED STATES MAGISTRATE JUDGE